IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE BISHOP LILLEGARD, Individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | Jury Demanded |
| vs. | ) ) ) | |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC and UNIFUND CCR, LLC, | ) ) ) ) | Case No. |
| Defendants. | ) | |

## **COMPLAINT-CLASS ACTION AND INDIVIDUAL**

## **INTRODUCTION**

Plaintiff Jane Bishop Lillegard ("Plaintiff") brings this action to secure redress both individually and on behalf of a class for unlawful collection practices engaged in by Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") and Unifund CCR, LLC ("Unifund"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## **VENUE AND JURISDICTION**

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by Plaintiff within this District;

    b. Defendants do or transact business within this District.

## PARTIES

3. Plaintiff Jane Bishop Lillegard ("Plaintiff") is an individual who resides in the Northern District of Illinois.

4. Defendant, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") is a law firm headquartered in Illinois, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a (6). Blatt is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of defaulted consumer debts by the filing of lawsuits, and by using the mails and telephone.

5. Defendant Unifund CCR, LLC ("Unifund") is a purchaser of defaulted consumer debts, which acts a debt collector as it regularly collects said debts after purchase. At all times relevant to the action, Unifund was an Ohio LLC with headquarters located at 10625 Techwoods Circle, Cincinnati, Ohio 45242 and its registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Unifund is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer accounts.

7. Unifund maintains a website, http://www.unifund.com, wherein it states in part as follows: "**Important information required by law:** Unifund CCR Partners and Unifund CCR, LLC are debt collectors. This communication is an attempt to collect a debt, and any information obtained will be used for that purpose."

**FACTS**

8. Defendant has been attempting to collect from Plaintiff an Alleged Debt comprised of a CITIBANK, N.A. ("Citibank") credit obligation that Plaintiff incurred for personal, non-business purposes, ("Alleged Debt"). The Alleged Debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

9. Due to her financial circumstances, Plaintiff could not pay the Alleged Debt, it went into default, and the account ("Account") associated with the Alleged Debt was charged-off by Citibank.

10. Citibank allegedly sold the Alleged Debt to Pilot Receivables Management, LLC, and Unifund purportedly purchased the Alleged Debt sometime thereafter.

11. Unifund subsequently retained or hired Arthur B. Adler & Associates, Ltd. ("Adler") to collect the Alleged Debt from Plaintiff.

12. Upon information and belief, Adler was at all times authorized to act on behalf of Unifund to attempt to collect the Alleged Debt from Plaintiff, and communicated each communication it received from Plaintiff or her counsel, that relates to the Alleged Debt, to Unifund.

13. On or about January 12, 2015, Adler sent Plaintiff an initial collection letter ("Letter") for the purpose of collecting the Alleged Debt.

14. The Letter conveyed information regarding the Alleged Debt, including an account number, the identity of the creditor, and a current balance alleged as being due from Plaintiff.

15. The Letter is a communication as that term is defined at § 1692a(2) of the FDCPA.

16. The Letter states: "[b]ecause of interest, additional late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

17. The statement is false, as "interest, additional late charges, and other charges" could not legally be added to the balance due by Adler or Unifund.

18. On or around April 27, 2015, Unifund filed a complaint in the Circuit Court of Cook County, Illinois, via its attorney Adler, to collect the Alleged Debt, titled *Unifund CCR, LLC v. Jane Bishoplillegard*, Case No. 15 M1 109399 ("State Action"). (Exhibit A, Complaint). The State Action is pending.

19. On August 7, 2015, Plaintiff's attorney Mario Kasalo entered an Appearance in the State Action. (Exhibit B, Appearance).

20. On August 7, 2015, Plaintiff's counsel in this case forwarded a copy of the Appearance to Adler via both fax and first class mail.

21. Adler received a copy of Plaintiff's Appearance via fax on August 7, 2015.

22. On and after August 7, 2015, both Unifund and Blatt were aware that Plaintiff Jane Bishoplillegard was represented by attorney Mario Kasalo, whose address and telephone number it was also aware of.

23. On November 5, 2015, Plaintiff filed a complaint against Unifund and Adler in the United States District Court for the Northern District of Illinois, alleging

violations of the FDCPA, titled *Jane Bishoplillegard v. Arthur B. Adler & Associates, Ltd*. and *Unifund CCR, LLC,* Case No. 15cv10040. ("FDCPA Action").

24. On December 14, 2015, Adler entered an appearance in the FDCPA Action.

25. On January 29, 2016, Unifund entered an appearance in the FDCPA Action.

26. Thus, as indicated by the entry of Unifund and Adler's appearances in the FDCPA Action, Unifund was again put on notice of Plaintiff's representation, by attorney Kasalo, as to the FDCPA Action and Alleged Debt.

27. Despite being aware that Plaintiff was represented by counsel, Unifund and Blatt continued to communicate directly with Plaintiff in connection with the collection of the Alleged Debt and the State Action.

28. Specifically, Unifund placed the Account with a new debt collector, Blatt, so that Blatt could collect the Alleged Debt.

29. Blatt thereafter mailed Plaintiff a letter ("Letter") in connection with the collection of the Alleged Debt. (Exhibit C, Letter). The Letter was mailed to Plaintiff's home address.

30. The Letter conveyed information regarding the Alleged Debt, including an account number, amount sought, and also a statement that the Account was previously with "Adler & Associates".

31. The Letter was thus a "communication" as the meaning of that term is understood and used in the FDCPA.

32. Plaintiff believed that she was represented by counsel as to the Alleged Debt and in the State Action, which counsel informed her that she should not be receiving correspondence relating to the debt because such correspondence could only be mailed to her attorney while she was represented by an attorney. Plaintiff became confused and distressed as to whether she was still represented by an attorney when she received the Letter.

### COUNT I—INDIVIDUAL COUNT—BLATT AND UNIFUND

33. 15 U.S.C. § 1692c of the FDCPA provides as follows:

**(a) Communication with the consumer generally**
**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –**

**. . .**

**(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;**

34. Both Blatt and Unifund knew that Plaintiff was represented by attorney Mario Kasalo (whose name and address they could ascertain) as to the Alleged Debt when they mailed the Letter to Plaintiff directly, yet they communicated directly with the Plaintiff anyway despite this knowledge, in violation of 15 U.S.C.§ 1692c of the FDCPA.

35. Unifund is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff. *Janetos v. Fulton Friedman and Gullace, LLP*, 2016 U.S. App. LEXIS 6361.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendants, for:

    (a)    Statutory and actual damages;

    (b)    Attorney's fees, litigation expenses and costs of suit;

    (c)    Such other and further relief as the Court deems proper.

### COUNT II—BLATT AND UNIFUND—CLASS COUNT

36. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

37. Section 1692g thus requires a debt collector to provide the name of the creditor to which the debt is owed within 5 days of the initial communication with a consumer with respect to the collection of a debt.

38. Blatt's Letter, which contains the "Notice of Debt", states that the "Currnet *[sic]* Creditor" is "Unifund CCR Partners".

39. The current creditor is not Unifund CCR Partners.

40. In fact, the State Action complaint indicates that Unifund CCR, LLC is both the plaintiff and the creditor to which Plaintiff owes the Alleged Debt—contrary to the information contained in the Notice of Debt contained in the Letter, which states that Unifund CCR Partners is the creditor to which the debt is owed.

41. If the Alleged Debt is owed at all, it is owed to Unifund CCR, LLC, and not to Unifund CCR Partners.

42. By stating that Unifund CCR Partners is the current creditor, Blatt and Unifund violated section 1692g of the FDCPA as it did not provide a Notice of Debt that states the name of the actual creditor to which the debt is owed.

43. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**§1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt…**

44. Blatt and Unifund thus also violated section 1692e of the FDCPA by stating that Unifund CCR Partners is the current creditor.

45. Exhibit C is a form letter.

46. Plaintiff brings this action individually and as a class action. The class consists of (a) all individuals (b) with addresses in Illinois, (c) to whom Defendant Blatt

mailed a "Notice of Debt" in the form of that contained in the attached Exhibit C stating that "Unifund CCR Partners" is the "Currnet *[sic]* Creditor" (d) where "Unifund CCR, LLC" is the current creditor e) which letter was sent during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

47. The members of the class are so numerous that joinder of all is not practicable.

48. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49. The Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, by mailing the type of Notice that was mailed to Plaintiff.

50. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

51. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult,

and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

52. Plaintiff has retained counsel experienced in class action litigation brought under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class defined above, and against Defendants, for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.


By: /s/ Mario Kris Kasalo
Mario Kris Kasalo


Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com


## JURY DEMAND

Plaintiff, on behalf of a class, demands a trial by jury.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                          By: /s/ Mario Kris Kasalo
                                          Mario Kris Kasalo