# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE BISHOP LILLEGARD, on behalf of herself and a class, ) ) ) | |
| Plaintiff, ) | Case No. 1:16-cv-08075 |
| v. ) ) | Judge John Z. Lee |
| BLATT, HASENMILLER, ) LEIBSKER & MOORE, LLC & ) UNIFUND CCR, LLC, ) ) | Magistrate Jeffrey T. Gilbert |
| Defendant. ) | |

## UNIFUND CCR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Unifund CCR, LLC ("Unifund") answers the Complaint of Plaintiff Jane Bishop Lillegard ("Plaintiff") as follows:

### INTRODUCTION

Unifund admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Unifund specifically denies that Plaintiff has any valid claims against Unifund. Unifund denies the remaining allegations contained in the Introduction paragraph.

### VENUE AND JURISDICTION

1. Unifund admits that this Court has jurisdiction over this matter for the purposes of this action only. Unifund denies the remaining allegations contained in Paragraph 1.

2. Unifund admits that this Court has jurisdiction over this matter for the purposes of this action only. Unifund denies the remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. Unifund admits that Plaintiff is an individual. Unifund lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and therefore denies these allegations.

4. Unifund admits that Blatt is a law firm with an office in Illinois. Unifund admits that Blatt is a debt collector for purposes of this action only. Unifund further admit that Blatt has collected distressed consumer receivables. Unifund denies Paragraph 4's attempts to paraphrase a portion of the FDCPA. Unifund denies the remaining allegations contained in Paragraph 4.

5. Unifund admits that Unifund is a debt collector for purposes of this action only. Unifund admits that Unifund has collected distressed consumer receivables. Unifund admits that Unifund is an Ohio limited liability company with its principal place of business at 10625 Techwoods Circle, Cincinnati, Ohio 45242. Unifund further admits that Unifund's registered agent in Illinois is Illinois Corporation C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Unifund denies the remaining allegations contained in Paragraph 5.

6. Unifund admits that Unifund is a debt collector for purposes of this action only. Unifund further admits that Unifund has used the mail to collect distressed consumer receivables. Unifund denies Paragraph 6's attempts to paraphrase a portion of the FDCPA. Unifund denies the remaining allegations contained in Paragraph 6.

7. Unifund admits that Unifund maintains a website with an address of [www.unifund.com](www.unifund.com). Unifund further admits that the website contains written content, a selection of which is quoted in Paragraph 7. Unifund denies the remaining allegations contained in Paragraph 7.

## FACTS

8. Unifund admits that Unifund attempted to collect from Plaintiff a debt incurred

from a Citibank, N.A. credit obligation. Unifund denies Paragraph 8's attempts to paraphrase a portion of the FDCPA. Unifund denies the remaining allegations contained in Paragraph 8.

9. Unifund admits that Plaintiff did not pay her debt and that it went into default. Unifund further admit that Citibank, N.A. charged-off her debt. Unifund denies the remaining allegations contained in Paragraph 9.

10. Unifund admits that Citibank sold Plaintiff's account to Pilot Receivables Management, LLC ("Pilot") and that Pilot subsequently sold Plaintiff's account to Unifund. Unifund denies the remaining allegations contained in Paragraph 10.

11. Unifund admits that Unifund retained Adler to collect Plaintiff's account.

12. Unifund denies the allegations contained in Paragraph 12.

13. Unifund admits that Adler sent a letter to Plaintiff dated January 12, 2015. Unifund denies the remaining allegations contained in Paragraph 13.

14. Unifund admits that Adler sent a letter to Plaintiff dated January 12, 2015. Unifund denies the remaining allegations contained in Paragraph 14.

15. Unifund denies Paragraph 15's attempts to paraphrase a portion of the FDCPA. Unifund denies the remaining allegations contained in Paragraph 15.

16. Unifund admits that Adler sent a letter to Plaintiff dated January 12, 2015 and that Paragraph 16 purports to cite to portion of that letter. Unifund denies the remaining allegations contained in Paragraph 16.

17. Unifund denies the allegations contained in Paragraph 17.

18. Unifund admits that Unifund filed a Complaint against Ms. Lillegard in the State Action in Cook County, Illinois to collect on amounts owed. Unifund further admits that the State Action is pending.

19. Upon information and belief, Unifund admits the allegations of Paragraph 19.

20. Unifund lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies these allegations.

21. Unifund lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies these allegations.

22. Unifund denies the allegations contained in Paragraph 22.

23. Unifund admits that, on November 5, 2015, Ms. Lillegard filed a Complaint against Unifund and Adler in the Northern District of Illinois alleging FDCPA violations.

24. Unifund admits that, on December 14, 2015, counsel for Adler entered an appearance in the FDCPA action.

25. Unifund admits that, on January 29, 2016, counsel for Unifund entered an appearance in the FDCPA action.

26. Unifund denies the allegations contained in Paragraph 26.

27. Unifund denies the allegations contained in Paragraph 27.

28. Unifund admits that Unifund placed Ms. Lillegard's account with Blatt for purposes of collection. Unifund denies the remaining allegations contained in Paragraph 28.

29. Unifund admits that Blatt mailed a letter to Plaintiff. Unifund denies the remaining allegations contained in Paragraph 29.

30. Unifund admits that the letter contained certain information, but deny Plaintiff's attempts to paraphrase the same in Paragraph 30. Unifund denies the remaining allegations contained in Paragraph 30.

31. Unifund denies Paragraph 31's attempts to paraphrase the FDCPA. Unifund denies the remaining allegations of Paragraph 31.

32. Unifund lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies these allegations.

## COUNT I – INDIVIDUAL ACCOUNT—BLATT AND UNIFUND

33. Unifund admits that Paragraph 33 cites to a portion of the FDCPA.

34. Unifund denies the allegations contained in Paragraph 34.

35. Unifund denies the allegations contained in Paragraph 35.

WHEREFORE, Unifund requests that this Court deny the relief requested by the plaintiff regarding Count I and for any further relief that this Court deems just and proper.

## COUNT II—BLATT AND UNIFUND—CLASS COUNT

36. Unifund admits that Paragraph 36 cites to a portion of the FDCPA.

37. Unifund denies Paragraph 37's attempts to paraphrase the FDCPA. Unifund denies the remaining allegations contained in Paragraph 37.

38. Unifund lacks sufficient information regarding defendant Blatt's actions and, therefore, denies the allegations contained in Paragraph 38.

39. Insofar as Paragraph 39 calls for a legal conclusion, it requires no answer.

40. Unifund denies the allegations contained in Paragraph 40.

41. Unifund admits that Plaintiff owes Unifund a debt. Unifund denies the remaining allegations contained in Paragraph 41.

42. Unifund denies the allegations contained in Paragraph 42.

43. Unifund admits that Paragraph 43 cites to a portion of the FDCPA.

44. Unifund denies the allegations contained in Paragraph 44.

45. Unifund denies the allegations contained in Paragraph 45.

46. Unifund admits that Plaintiff purports to bring an action on behalf of herself and a class of consumers. Unifund denies that any class exists or that any class should be certified. Unifund denies the remaining allegations contained in Paragraph 46.

47. Unifund denies the allegations contained in Paragraph 47.

48. Unifund denies the allegations contained in Paragraph 48.

49. Unifund denies the allegations contained in Paragraph 49.

50. Unifund denies the allegations contained in Paragraph 50.

51. Unifund denies the allegations contained in Paragraph 51.

52. Unifund lack sufficient knowledge as to the qualifications of Plaintiff's counsel and, therefore, Unifund denies the allegations contained in Paragraph 52.

WHEREFORE, Unifund requests that this Court deny the relief requested by the plaintiff regarding Count II and for any further relief that this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint may be barred by the equitable defenses of laches, unclean hands, and/or equitable estoppel.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Unifund are not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited to the extent she has not mitigated her damages (if any).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or purported class members may have waived any and all claims Plaintiff and/or purported class members may have had against Unifund.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of purported class members may be subject to set-off against monies owed Unifund by Plaintiff and/or purported class members.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and/or purported class members' claims may be barred by the doctrines of *res judicata* and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that any violation of state or federal law took place, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

WHEREFORE, Unifund respectfully request that this Court:

A. Deny the relief requested by Plaintiff;

B. Deny Plaintiff's Dismiss Plaintiff's Complaint with prejudice;

C. Grant relief to Unifund as a result of Unifund's Affirmative Defenses; and

D. Grant to Unifund such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/*Emily J. Fitzgerald*
Counsel for defendant Unifund CCR, LLC

Joseph P. Kincaid—ARDC No. 6202639
Emily J. Fitzgerald—ARDC No. 6305923
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave. Suite 3400
Chicago, Illinois 60611
jkincaid@smbtrials.com
efitzgerald@smbtrials.com
Office: (312) 321-9100
Fax:    (312) 321-0990

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Defendant Unifund CCR, LLC's Answer to Plaintiff's Complaint was served upon all counsel of record via the Court ECF system, this 28th day of September, 2016.

[✓] Under penalties as provided by law, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

                                                     /s/*Emily J. Fitzgerald*