**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE BISHOP LILLEGARD, on behalf of herself and a class, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-08075 |
| v. | ) ) | Judge John Z. Lee |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC & UNIFUND CCR, LLC, | ) ) ) ) | |
| Defendant. | ) | |

### DEFENDANTS UNIFUND CCR, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**I.  INTRODUCTION**

Ms. Lillegard seeks to certify a class without meeting any of the prerequisites required by law. Ms. Lillegard did not submit any evidence in support of her motion. She simply set forth conclusory statements of law. "Plaintiffs bear the burden of proving that they satisfy all prerequisites for class certification." *O'Neil v. Appel*, 165 F.R.D. 479, 488 (W.D. Mich. 1996), citing *Thomson v. County of Medina*, 29 F.3d 238, 241 (6th Cir. 1994). Ms. Lillegard failed to prove any such prerequisites. Ms. Lillegard further failed to file a motion to stay or modify the briefing schedule entered as to her motion. Therefore, if the Court decides Ms. Lillegard's motion on the merits, the Court should deny class certification.

In the alternative, the Court should deny the motion for class certification without prejudice to renewal after discovery, or the Court should postpone briefing of the motion for class certification. Ms. Lillegard admitted that she only filed the motion as a "placeholder" so that Unifund would not "pick off" the named plaintiff to moot the class claim. (Motion for Class

Cert., ¶ 25.) Defendant Unifund CCR, LLC ("Unifund") represents that it will not seek to moot the class claim by offering judgment to the named plaintiff. Unifund sought Ms. Lillegard's concurrence in a joint motion to defer briefing. Although Ms. Lillegard indicated she would not oppose the motion, she also would not agree to it. Accordingly, the Court should deny the motion for class certification without prejudice to renewal after discovery or the Court should postpone briefing.

In the event that the Court decides to deny the motion for class certification without prejudice or postpone briefing on the motion, the Court should further order that discovery on the merits and a decision on dispositive motions should precede any class-based discovery or briefing. Bifurcated discovery would preserve Court and party resources.

## II. FACTUAL BACKGROUND

### A. The Allegations in Ms. Lillegard's Complaint

Ms. Lillegard served her only set of written discovery requests on November 30, 2016. Unifund has not yet responded to the discovery requests, and Unifund's responses are not due until December 30, 2016. To date, Ms. Lillegard has not procured discovery on any facts in this case, nor has she even submitted a declaration in support of her motion for class certification. Thus, for purposes of this Memorandum in Opposition, Unifund can only look to the allegations in Plaintiff's Complaint to determine the basis for her claims.

Ms. Lillegard alleged two counts against Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") and Unifund (collectively, "Defendants"): (1) an individual count for alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and (2) a class count for alleged violation of the FDCPA. (Complaint, ¶¶ 33-52.) As to the class count, Ms. Lillegard alleged that Blatt sent a "Notice of Debt" to Ms. Lillegard stating that the current creditor of her debt was "Unifund CCR Partners" when the current creditor was actually

Unifund CCR, LLC. (*Id.* at ¶¶ 36-42.) Based upon this lone factual allegation, Ms. Lillegard alleged that Defendants violated 15 U.S.C. § 1692g by failing to provide the name of the actual creditor on the "Notice of Debt." (*Id.* at ¶¶ 36-42.) Ms. Lillegard further alleged that Unifund violated 15 U.S.C. § 1692e by falsely stating that Unifund CCR Partners was the current creditor. (*Id.* at ¶¶ 43-44.)

### B. The Purported Classes

Ms. Lillegard seeks to certify a class consisting of the following:

> (a) all individuals (b) with addresses in Illinois, (c) to whom Defendant Blatt mailed a "Notice of Debt" in the form of that contained in the attached Exhibit C stating that "Unifund CCR Partners" is the "Currnet [sic] Creditor (d) where "Unifund CCR, LLC" is the current creditor (e) which letter was sent during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action."

(Motion for Class Cert., ¶ 15.)

Ms. Lillegard requested that "briefing on this Motion be stayed pending discovery as to class issues." (*Id.* at ¶ 24.) However, on November 28, 2016, a docket entry was made setting forth the briefing schedule for the motion. (Doc. 22.) Ms. Lillegard has not moved to modify or stay the briefing schedule. As set forth below, the Court should not certify the purported class.

## III. ARGUMENT

### A. The Court Should Deny Ms. Lillegard's Motion for Class Certification, With Prejudice, Because She Failed to Present Any Evidence in Support of Any Prerequisite.

#### 1. The Standard of Review for a Class Certification Motion Requires a "Rigorous" Analysis.

To be certified, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a), as well as one of the three alternatives in Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012); *Kleen Prods. LLC v. Int'l Paper*, 306

F.R.D. 585, 589 (N.D. Ill. 2015).

Rule 23(a) sets forth the following prerequisites to a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of claims or defenses of the class, and (4) the represented parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Thus, Rule 23(a) requires a plaintiff to prove "numerosity, typicality, commonality, and adequacy of representation." *Messner*, 669 F.3d at 811; *see also Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982). "If the party certification fails to meet any of these four requirements, class certification is precluded." *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 893 (7th Cir. 2012).

Ms. Lillegard seeks certification under Rule 23(b)(3) (Motion for Class Cert., ¶ 22), which requires her to prove that: "(1) the questions of law or fact common to the members of the proposed class predominate over questions affecting only individual members; and (2) a class action is superior to other available methods of resolving the controversy." *Messner*, 669 F.3d at 811.

A plaintiff bears the burden of satisfying Rule 23, which is not "a mere pleading standard." *Kleen Prods.*, 306 F.R.D. at 589 (quoting *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432, 185 L. Ed. 2d 515 (2013) and *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52, 180 L. Ed. 2d 374 (2011)). To meet this burden, a plaintiff must "satisfy through evidentiary proof" each of Rule 23's elements. *Comcast Corp.*, 133 S.Ct. at 1432; *Kleen Prods.*, 306 F.R.D. at 589.

A court must conduct a "rigorous analysis" before it can determine whether a plaintiff has satisfied Rule 23's requirements. *Comcast Corp.*, 133 S.Ct. at 1432; *Kleen Prods.*, 306 F.R.D. at

589. A court must consider the evidence submitted by the parties and determine whether the plaintiff has proven each of Rule 23's elements by a "preponderance of the evidence." *Messner*, 669 F.3d at 811; *Kleen Prods.*, 306 F.R.D. at 589.

Therefore, Ms. Lillegard must prove, by a preponderance of the evidence, that she satisfies all prerequisites to certification under Fed. R. Civ. P. 23(a) and that a class should be certified under Fed. R. Civ. P. 23(b)(3). The Court should not certify a class if Ms. Lillegard fails to prove any <u>one</u> of these prerequisites. As set forth below, Ms. Lillegard cannot prove even one of them.

### 2. Ms. Lillegard Failed to Prove Numerosity of the Purported Class.

Ms. Lillegard failed to prove that the class is so numerous that joinder of all members is impracticable because she failed to provide any record evidence of how many members would be in the class.

A class plaintiff must first show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). A class plaintiff is "not required to specify the exact number of persons in the class [citations omitted], but cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989); *see also Roe v. Town of Highland*, 909 F.2d 1097, 1100, n. 4 (7th Cir. 1990) (quoting 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1762 at 164 (2d Ed. 1986)) ("The party supporting a class action has the burden of demonstrating the numerosity requirement of a class action, and 'mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)'"). The Northern District of Illinois recently recognized that the "failure to provide an estimate, or means for making such an estimate, can prove fatal to a certification motion." *Jackson v. Sheriff of Cook County*, No. 06 C 0493, 2006 U.S. Dist. LEXIS 90742, at * 8 (N.D. Ill. Dec. 14, 2006).

This matter is similar to *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976). In *Valentino*, a class plaintiff only stated in his motion for class certification that the action was "a proper class action on all issues as appears more fully from the allegations in the complaint." *Id.* The Seventh Circuit held that "a conclusory allegation that a class is so numerous that joinder is impracticable is not sufficient to meet the requirements of Rule 23(a)(1)." *Id.* The Court recognized that, in a motion to reconsider the denial of class certification, the class plaintiff provided a "speculative estimate of the size of the alleged class." *Id.* at 979. The Court analogized the case to *DeMarco v. Edens*, 390 F.2d 836 (2d Cir. 1968), where a court denied class certification because the only evidence in the record as to the size of the class and the impracticability of joinder was "pure speculation." *Id.* at 979, n.4 (quoting *Demarco*, 390 F.2d at 845.) Likewise, the Seventh Circuit held that the district court did not err in refusing to certify a class based upon the record before it. *Id.* at 978.

This action is also similar to *Deck v. Daubert Law Firm, LLC*, No. 14-C-0299, 2014 U.S. Dist. LEXIS 157018 (E.D. Wis. Nov. 6, 2014). In *Deck*, consumers filed a class action against a debt collector alleging that the debt collector sent form letters to consumers seeking to collect post charge-off interest illegally. *Id.* at *1. The district court denied the consumers' motion for class certification because the consumers failed to meet their burden to prove numerosity. *Id.* at *2. The court noted that the consumers failed to present any evidence that other consumers were subjected to the same alleged misconduct. *Id.* at *4. Although the consumers noted in their motion that they were in the process of taking discovery relating to class-certification issues, the court ruled that "the time to take that discovery was before moving for class certification, not after." *Id.* The court reasoned that "[w]hen a plaintiff moves for class certification, he must prove that 'there are in fact sufficiently numerous parties," [citation omitted], not that further discovery might show that there are in fact sufficiently numerous parties." *Id.* at *4-*5 (quoting

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). The court concluded that the consumers could not "obtain class certification based on their own beliefs about what discovery that they have not yet taken might show." *Id.* at *5.

Here, Ms. Lillegard did not provide any record evidence to establish numerosity. She did not provide admissible proof (or any proof) of a number or estimate of a number of members of the purported class. Ms. Lillegard relies only on the speculative, conclusory statement that "the Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts, by mailing the type of Notice that was mailed to Plaintiff." (Motion for Class Cert., ¶ 18.) Ms. Lillegard did not support that allegation with evidence that any other person received a letter stating that Unifund CCR Partners was the current creditor when Unifund CCR, LLC was actually the current creditor. Nor did Ms. Lillegard move to modify or stay the briefing schedule to obtain such evidence. Accordingly, Ms. Lillegard failed to meet her burden to prove numerosity by a preponderance of the evidence, and the Court should deny her motion for class certification.

### 3. Ms. Lillegard Failed to Prove Commonality or Typicality.

Ms. Lillegard failed to establish commonality or typicality.

Commonality and typicality "tend to merge" because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158, n.13, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).

Commonality requires "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality

requirement of Rule 23(a)(2)." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Id.*

Rule 23(a)(3) requires that "the claims or defenses of the of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted). A proposed class member's claim is not typical if proof "would not necessarily prove all the proposed class members' claims." *Ruiz v. Stewart Assocs.*, 167 F.R.D. 402, 405 (N.D. Ill. 1996). As summarized by the Seventh Circuit, "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006).

Here, Ms. Lillegard has not proven that her claims are common to or typical of the class members' claims. Ms. Lillegard offered only a conclusory statement that "Plaintiff's claims are typical of the claims of the Class" and "[c]ommon questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues." (Motion for Class Cert., ¶ 17.) Although Ms. Lillegard alleges that the Notice of Debt letter from Blatt to Ms. Lillegard is a "form letter" (*id.* at ¶ 14), she has not offered any competent evidence to support that conclusory statement. She has not even presented evidence that another individual received a similar Notice of Debt letter. Thus, she has failed to meet her burden to prove, by a preponderance of the evidence, that her claims are common to or typical of the class

members' claims.

### 4. Ms. Lillegard Failed to Prove Adequacy of Representation.

Ms. Lillegard failed to set forth any record evidence that she or her counsel are adequate representatives in this matter.

#### a. Ms. Lillegard Failed to Prove She Is An Adequate Class Representative.

To be an adequate class representative, Ms. Lillegard must show that she "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). A court must undertake a "stringent and continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation." *Levitt v. Southwest Airlines Co. (In re Southwest Airlines Voucher Litig.)*, 799 F.3d 701, 715 (7th Cir. 2015) (quoting *Susman v. Lincoln American Corp.*, 561 F.2d 86, 89-90 (7th Cir. 1977)). "[T]he class representative has an obligation to represent the interests of the class in dealings with both the defendant and class counsel." *In re Southwest Airlines Voucher Litig.*, 799 F.3d at 714; *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880, 882 (7th Cir. 2000). "Class representatives need to be capable of saying no if they believe counsel are failing to act in the best interests of the class." *In re Southwest Airlines Voucher Litig.*, 799 F.3d at 714. Thus, one purpose of the adequacy inquiry is "to uncover conflicts of interest between named parties and the class they seek to represent." *Id.* at 714-715 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) (adequacy of representation is essential to protect due process rights of absent class members).

Ms. Lillegard only supports her motion with the conclusory statement that she "will fairly and adequately protect and represent the interests of the Class." (Motion for Class Cert., ¶20.)

Ms. Lillegard's conclusory statements that she will adequately represent the purported Class, without more, fail to prove the required element of adequacy. Ms. Lillegard fails to provide any evidence – whether deposition testimony, responses to interrogatories, or statements made in a declaration -- to support her conclusory recitations. Ms. Lillegard fails to provide any evidence that she would represent the interest of the class, that she would have the capability to say "no" to class counsel, or that she lacked conflicts with other class members. Thus, Ms. Lillegard has not met her burden to prove, by a preponderance of the evidence, that she is an adequate representative of the class.

### b. Ms. Lillegard Failed to Prove the Adequacy of Class Counsel.

Ms. Lillegard does not even attempt to prove the adequacy of class counsel.

When deciding the adequacy of class counsel, a court may consider "besides the lawyer's competence, experience, and related professional qualifications, 'any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'" *Eubank v. Pella Corp.*, 753 F.3d 718, 724 (7th Cir. 2014) (quoting FED. R. CIV. P. 23(g)(1)(B), (g)(4).) A court cannot simply presume the competency of counsel because "the presumption would be inconsistent with plaintiff bearing the burden of proof to show all requirements for class certification and [a] court having an independent duty to ensure the class is adequately represented." *Gilmore v. Southwestern Bell Mobile Sys.*, 210 F.R.D. 212, 219-220 (N.D. Ill. 2001).

Here, the only statement made by Ms. Lillegard as to the adequacy of counsel is that she "has retained counsel experienced in class action litigation brought under the FDCPA." (Motion for Class Cert., ¶ 24.) Even that statement lacks record support. Ms. Lillegard did not provide any record evidence that class counsel are qualified or experienced in prosecuting class action litigation. Ms. Lillegard has not provided any record evidence that her counsel ever represented

a class that was certified, or that her class counsel ever reached a settlement on behalf of a class. She simply abandoned her obligation to prove the adequacy of class counsel.

> **5. Ms. Lillegard Failed to Prove that Questions Common to Class Members Predominate or that a Class Action Is the Superior Method of Adjudicating this Controversy.**

In addition to the prerequisites set forth in Fed. R. Civ. P. 23(a), Ms. Lillegard must demonstrate that she meets one of the three class action requirements set forth in Fed. R. Civ. P. 23(b). Here, Ms. Lillegard has only sought class certification under Fed. R. Civ. P. 23(b)(3). (Motion for Class Cert., ¶ 22.) Fed. R. Civ. P. 23(b)(3) states that a class action may be maintained only if:

> 3. The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members:
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

Here, for the same reasons that Ms. Lillegard failed to prove the commonality and typicality requirements of Rule 23(a), Ms. Lillegard cannot satisfy Fed. R. Civ. P. 23(b). Specifically, she is unable to demonstrate that "questions common to class members predominate over any questions affecting only individual members, and that a class is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P.

23(b)(3). Ms. Lillegard cannot prove that she is entitled to class certification under Fed. R. Civ. P. 23(b)(3).

B.  **In the Alternative, the Court Should Deny Ms. Lillegard's Motion for Class Certification, Without Prejudice, or Postpone Briefing on the Motion for Class Certification.**

If the Court decides not to dismiss Ms. Lillegard's motion for certification with prejudice, the Court should deny the motion without prejudice to renewal after discovery or postpone briefing to allow for discovery.

Courts consistently deny premature motions for class certification without prejudice to renew the motions following discovery. *See Bryan v. Collect Pros, LLC*, No. CV 16-581, 2016 U.S. Dist. LEXIS 62584 (E.D.N.Y. May 10, 2016), adopted at 2016 U.S. Dist LEXIS 108731 (E.D. N.Y. Aug. 12, 2016); *Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, No. 12-CV-1208, 2013 U.S. Dist. LEXIS 127117 (D. Conn. Sept. 6, 2013); *3081 Main St. LLC v. Business Owners Liab. Team LLC*, No. 3:11-cv-1320, 2012 U.S. Dist. LEXIS 136402, at *5 (D. Conn. Sept. 24, 2012). Courts recognize that "there is nothing to be gained by continuing or holding in abeyance a premature, undeveloped motion for class certification and allowing it to remain open on the docket indefinitely." *Bryan*, 2016 U.S. Dist. LEXIS 62584 at *5 (quoting *Carlin v. Davidson Fink LLP*, No. 13-CV-6062, 2014 U.S. Dist. LEXIS 134688 (E.D.N.Y. Sept. 23, 2014)). "To the extent that class allegations are preserved from mootness by the filing of a premature motion for certification, they are no less preserved by an order denying that motion without prejudice to renewal before final judgment." *Id.* Courts may also enter and continue a premature motion for class certification. *Alpha Tech Pet, Inc. v. Lagasse, LLC*, No. 16 C 513, 2016 U.S. Dist. LEXIS 120452, at * 24 (N.D. Ill. Sept. 7, 2016).

Here, there is nothing to be gained in this case by holding a premature motion in abeyance pending discovery. Unifund represents that it will not attempt to moot the class by

offering judgment to Ms. Lillegard individually, and an order of dismissal without prejudice to renew would still preserve Ms. Lillegard's class claims. In the alternative, as suggested by Ms. Lillegard (Motion for Class Cert., ¶ 24), the Court could stay briefing on the motion pending discovery. Unifund sought Ms. Lillegard's concurrence in a joint motion to defer briefing. Although Ms. Lillegard indicated she would not oppose the motion, she also would not agree to it. Therefore, if the Court does not deny Ms. Lillegard's motion for class certification with prejudice, then the Court should either deny the motion without prejudice or stay briefing pending discovery.

> **C.  If the Court Denies Ms. Lillegard's Motion for Class Certification Without Prejudice or Postpones Briefing, the Court Should Enter an Order for Bifurcated Discovery.**

If the Court chooses to deny the motion for certification without prejudice or chooses to postpone briefing, the Court should order that discovery on the merits and a decision on dispositive motions should precede any class-based discovery or briefing.

The Court has discretion to bifurcate merits discovery and class discovery. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 U.S. Dist. LEXIS 4698, at *5 (N.D. Ill. Mar. 22, 2004) ("Whether to bifurcate discovery is a matter committed to the discretion of the trial court"). The Seventh Circuit recognized that it may be proper to decide the merits of a case before considering a motion for class certification. *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008). In fact, courts within the Seventh Circuit consistently bifurcate discovery so the court may determine the merits before class certification. *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2014 U.S. Dist. LEXIS 127767, at *32 (N.D. Ill. Sept. 12, 2014); *Brittingham v. Cerasimo, Inc.*, No. 08-CV-216, 2008 U.S. Dist. LEXIS 99076, at *7-*8 (N.D. Ind. Dec. 8, 2008); *Stavroff v. Midland Credit Management Inc.*, No. 3:05-CV-127, 2005 U.S. Dist. LEXIS 11640, at *7 N.D. Ind. June 8, 2005); *Sheets v. National Action Fin.*

*Servs., Inc.*, No. 3:04-CV-676, 2005 U.S. Dist. LEXIS 8439, at *8 (N.D. Ind. May 9, 2005).

For example, in both *Stavroff* and *Sheets*, courts bifurcated discovery on the merits of FDCPA actions from discovery on class certification. *Stavroff*, 2005 U.S. Dist. LEXIS 11640, at *7; *Sheets*, 2005 U.S. Dist. LEXIS 8439 at *8. In both cases, the courts reasoned that if the consumer "cannot prove the merits of his case, then valuable time and resources will be exhausted in trying to resolve the class certification issue." *Stavroff*, 2005 U.S. Dist. LEXIS 11640, at *6-*7; *Sheets*, 2005 U.S. Dist. LEXIS 8439 at *7.

Here, the Court should bifurcate discovery to allow for the orderly adjudication of claims. Discovery should be limited to the merits of the case because, if Ms. Lillegard cannot prove that the Notice of Debt letter Blatt sent her violated the FDCPA, then her claim will fail and the parties would not need to conduct discovery on the issue of class certification. If Ms. Lillegard cannot prove the merits of the case, then discovery on class issues would be a waste of resources and expenses. Thus, it is judicious to order bifurcated discovery so that the parties do not incur the extra expense of class certification discovery for a claim that may be determined to lack merit.

Ms. Lillegard may argue that discovery should not be bifurcated because she would be prejudiced under the one-way intervention rule. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. Ill. 2016) ("The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim.") Were the Court to bifurcate discovery so that discovery and briefing on the merits precedes class discovery and briefing, however, Unifund would waive the one-way intervention rule. Accordingly, in the interest of judicial economy, Unifund requests that, if discovery moves forward on class issues, it should be bifurcated and preceded by discovery on the merits and resolution of dispositive motions.

## IV. CONCLUSION

Class certification is not appropriate where a plaintiff fails to prove even one of the prerequisites for class certification, let alone all of them. For the foregoing reasons, the Court should deny Ms. Lillegard's Motion for Class Certification, with prejudice. In the alternative, the Court should deny the motion without prejudice or postpone briefing of the motion. To the extent the Court does not dismiss the motion with prejudice, the Court should bifurcate discovery to allow discovery and briefing of the merits to precede discovery and briefing on class certification.

UNIFUND CCR LLC

By: */s/ Emily J. Fitzgerald*
One of its attorneys

Joseph P. Kincaid, Esq.
Emily Fitzgerald, Esq.
Swanson, Martin & Bell
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax
jkincaid@smbtrials.com
efitzgerald@smbtrials.com

# CERTIFICATE OF SERVICE

TO:   All Counsel of Record

The undersigned hereby certifies that on the 9th day of December, 2016, a copy of the foregoing **Memorandum in Opposition to Plaintiff's Motion for Class Certification** was filed electronically, notice of which will be sent by operation of the court's electronic filing system.

UNIFUND CCR LLC

By: _/s/ Emily J. Fitzgerald_
One of its attorneys

Joseph P. Kincaid, Esq.
Emily Fitzgerald, Esq.
Swanson, Martin & Bell
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax
jkincaid@smbtrials.com
efitzgerald@smbtrials.com